UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CVS PHARMACY, INC. | : | |
| | : | |
| Plaintiff | : | |
| | : | C.A. No. 06-348 ML |
| v. | : | |
| | : | |
| SCOTT JONES | : | |
| | : | |
| Defendant | : | |

**DEFENDANT SCOTT JONES' ANSWER AND COUNTERCLAIM FILED IN RESPONSE TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant Scott Jones ("Defendant Jones") hereby answers the Amended Complaint of CVS Pharmacy, Inc. ("Plaintiff" and/or "CVS") as follows:

**FIRST DEFENSE**

**Nature of Action**

1. The allegations in Paragraph 1 state Plaintiff's description of its purported cause of action, therefore no responsive pleading is required. To the extent that a responsive pleading is required, such allegations are denied.

**Parties**

2. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 2.

3. Admitted.

**Jurisdiction**

4. The allegations contained in Paragraph 4 state a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant admits that he now resides in the state of Washington. Defendant neither admits nor denies that either diversity or subject matter jurisdiction exists to have this matter heard in this Court, and leaves Plaintiff to its proof. To the extent that further responsive pleading is required, Defendant denies any remaining allegations.

## Statement of Facts

5. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 5.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted as to the quoted language of the Repayment/Termination Agreement ("Agreement"). The remaining allegations are denied.

10. Defendant admits that he worked with Cendant Mobility Services Corporation ("Cendant") with respect to his relocation from Pennsylvania to Rhode Island. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 10.

11. Defendant was aware that CVS paid Cendant approximately $51,000.00 toward his relocation costs. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 11.

12. Admitted.

13. Defendant admits that his salary with CVS was approximately two hundred fifteen thousand dollars ($215,000.00) per year. The remaining allegations are denied.

14. Admitted.

15. Defendant admits that he was aware that Jon Roberts was reorganizing CVS's Information Services Department. The remaining allegations are denied.

16. Admitted.

17. Admitted.

18. Defendant admits that he informed Roberts of a new job offer that he had received. The remaining allegations are denied.

19. Denied.

20. Denied.

21. Denied.

22. Admitted.

23. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 23.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Defendant admits that he has not made any payments to CVS toward repayment of his relocation costs. The remaining allegations are denied.

**Count I**
**Breach of Contract**

29. Defendant repeats and incorporates by reference his responses to Paragraphs 1 through 28 of the Amended Complaint.

30. The allegations contained in Paragraph 30 state a conclusion of law, and therefore no responsive pleading is required. To the extent a responsive pleading is required, such allegations are denied.

31. The allegations contained in Paragraph 31 state a conclusion of law, and therefore no responsive pleading is required. To the extent a responsive pleading is required, such allegations are denied.

**Count II**
**Unjust Enrichment**

32. Defendant repeats and incorporates by reference his responses to Paragraphs 1 through 32 of the Amended Complaint.

33. Admitted.

34. Admitted.

35. Denied.

36. The allegations contained in Paragraph 36 state a conclusion of law, and therefore no responsive pleading is required. To the extent a responsive pleading is required, such allegations are denied.

**Count III**
**Promissory Estoppel**

37. Defendant repeats and incorporates by reference his responses to Paragraphs 1 through 37 of the Amended Complaint.

38. Denied.

39. Denied.

40. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 40. To the extent that responsive pleading is required the allegations are denied.

41. The allegations contained in Paragraph 41 state a conclusion of law, and therefore no responsive pleading is required. To the extent a responsive pleading is required, such allegations are denied.

**Count IV**
**Attorney's Fees and Costs**
**R.I.G. L. § 9-1-45**

42. Defendant repeats and incorporates by reference his responses to Paragraphs 1 through 42 of the Amended Complaint.

43. The allegations contained in Paragraph 43 state a conclusion of law, and therefore no responsive pleading is required. To the extent a responsive pleading is required, such allegations are denied.

44. The allegations contained in Paragraph 44 state a conclusion of law, and therefore no responsive pleading is required. To the extent a responsive pleading is required, such allegations are denied.

**SECOND DEFENSE**

This Court does not have proper diversity jurisdiction over the within matter.

**THIRD DEFENSE**

This Court does not have proper subject matter jurisdiction over the within matter.

**FOURTH DEFENSE**

Plaintiff's Amended Complaint in whole or in part, fails to state a claim upon which relief may be granted.

**FIFTH DEFENSE**

Plaintiff's Amended Complaint is barred, in whole or in part, by the doctrine of unclean hands, waiver and/or estoppel.

**SIXTH DEFENSE**

Plaintiff's Complaint is barred in whole or in part due to failure of privity of parties with respect to the alleged contracts.

**SEVENTH DEFENSE**

Plaintiff's own conduct was the proximate cause of any damages it has sustained.

**EIGHTH DEFENSE**

At all times relevant to this action Defendant acted in good faith toward the Plaintiff, and without intent to cause any of the wrongful actions alleged by Plaintiff herein.

**NINETH DEFENSE**

Plaintiff breached the implied covenant of good faith and fair dealings existing with respect to any contracts between it and the Defendant.

**TENTH DEFENSE**

If Plaintiff has suffered any alleged damages, Plaintiff failed to act reasonably so as to mitigate any such alleged damages.

**ELEVENTH**

The contract upon which plaintiff's complaint is based does not meet the legal requirements of R.I.G.L. § 9-1-4.

**TWELVTH**

Plaintiff's Complaint is barred by applicable Statues of Limitations.

## JURY TRIAL DEMAND

Demand is hereby made for trial by jury for all issues so triable.

WHEREFORE, having answered in full, Defendant prays that this Honorable Court dismiss Plaintiff's Amended Complaint with prejudice, enter judgment in favor of the Defendant on all Counts, award Defendant his reasonable costs of this action, including his reasonable attorneys' fees and award Defendant such other and further relief as the Court may deem just and appropriate.

## COUNTERCLAIM

1. Counterclaim Plaintiff Scott Jones (hereinafter "Counterclaim Plaintiff") is a resident of the State of Washington.

2. As alleged in Paragraph 2 of Plaintiff's Amended Complaint, Counterclaim Defendant CVS Pharmacy, Inc. (hereinafter "Counterclaim Defendant") is a resident of the State of Rhode Island.

3. At all times relevant hereto, Counterclaim Plaintiff was employed by CVS.

4. On or about Thursday, April 20, 2006, Counterclaim Plaintiff communicated to Counterclaim Defendant through Jon Roberts that he had received an offer of employment from another company ("the April 20th discussion").

5. During the April 20th discussion, Counterclaim Plaintiff advised Jon Roberts that as part of its offer, the prospective new employer had agreed to fully repay the $51,000.00 in relocation costs paid on his behalf by Counterclaim Defendant.

6. During the April 20th discussion, Jon Roberts advised Counterclaim Plaintiff that if he decided accept the offer and leave his employment with CVS, that he would like the Defendant to work through June 1, 2006.

7. The April 20, 2006 discussion concluded with Jon Roberts advising Counterclaim Plaintiff to "think about it" and get back to him.

8. On Friday, April 21, 2006, Counterclaim Plaintiff met with Jon Roberts again, and because Counterclaim Plaintiff was considering leaving his employment with CVS, the status of Counterclaim Plaintiff's key activities were discussed, along with some potential termination dates, including May 5, 2006, should Counterclaim Plaintiff decide to leave his employment with CVS.

9. On Tuesday, April 25, 2006, Jon Roberts told Counterclaim Plaintiff, for the first time, that his total relocation costs had been over $160,000.00, and not $51,000.00.

10. Counterclaim Plaintiff expressed to Jon Roberts his shock that his relocation costs from Philadelphia to Rhode Island were $160,000.00, and explained that the only information that he had ever received from the company documented his relocation expenses to be approximately $51,000.00.

11. Jon Roberts then told Counterclaim Plaintiff that he was not aware of the details of the relocation costs, and that he would attempt to validate the number and get back to him.

12. On Wednesday, April 26, 2006, Counterclaim Plaintiff advised Jon Roberts that if CVS insisted upon repayment of $160,000.00 in relocation costs then he would remain in his employment, given the relatively short amount of time left until the expiration of the one year recapture period for relocation expenses.

13. On Thursday, April 27, 2006, Jon Roberts met again with Counterclaim Plaintiff and advised him that the people that he needed to work with on Counterclaim Plaintiff's potential relocation cost issues were out of the office working on acquisition-related activities, and that it would be Monday or Tuesday of the next week before he would be ready to discuss the subject again.

14. On Monday, May 1, 2006, Counterclaim Plaintiff noticed a meeting scheduled on his calendar for himself, Jon Roberts, Lisa Bisaccia, Vice President of Human Resources with CVS, during the afternoon of Tuesday, May 2, 2006.

15. On Tuesday, May 2, 2006, Counterclaim Plaintiff attended the meeting with Jon Roberts and Lisa Bisaccia, during which Jon Roberts stated that CVS was not willing to compromise with him regarding repayment of the purported relocation expenses in the amount of $160,000.00.

16. Counterclaim Plaintiff was further advised that Counterclaim Defendant would like him to leave his employment with CVS immediately following the meeting, but that he would continue to be paid through May 5, 2006.

17. Counterclaim Plaintiff was then escorted from the building following the Tuesday, May 2, 2006 meeting, and he had to inquire about making arrangements to retrieve his personal belongings from his office.

18. At no time did Counterclaim Plaintiff ever resign his employment with Counterclaim Defendant.

19. Counterclaim Plaintiff was not terminated by Counterclaim Defendant for just cause.

20. No basis exists in law or equity for repayment by Counterclaim Plaintiff of any relocation expenses paid on his behalf by Counterclaim Defendant pursuant to the terms of the purported contracts attached to their Complaint.

21. As such, Counterclaim Plaintiff has made no repayment to Counterclaim Defendant for relocation expenses paid on his behalf by Counterclaim Defendant.

22. As a direct result of Counterclaim Defendant's actions complained of herein, Counterclaim Plaintiff has suffered and will continue to suffer damages, including attorney's fees and costs.

WHEREFORE, Plaintiff prays for the relief hereinafter set forth.

**Count I**
**Breach of Contract**

23. Counterclaim Plaintiff hereby realleges in full in this paragraph the allegations set forth in all other paragraphs of this counterclaim.

24. If the purported contracts attached to Counterclaim Defendant's Complaint are legitimate and legally valid, binding and enforceable contracts, then under the facts as presented by the Counterclaim Plaintiff above, Counterclaim Plaintiff has no contractual obligation to repay Counterclaim Defendant for any relocation costs paid on his behalf.

25. Counterclaim Defendant's attempts to coerce Counterclaim Plaintiff into repayment of relocation costs constitute a knowing and willful breach of contract.

26. As a proximate and direct result of Counterclaim Defendant's breach, Counterclaim Plaintiff has suffered pecuniary damages, and will continue to do so now and in the future until this matter is dismissed with prejudice.

WHEREFORE, Counterclaim Plaintiff hereby demands pecuniary damages to make him whole for this knowing and willful breach of contract.

**Count II**
**Attorney's Fees and Costs**
**R.I.G. L. § 9-1-45**

27. Counterclaim Plaintiff hereby realleges in full in this paragraph the allegations set forth in all other paragraphs of this counterclaim.

28. The allegations of Counterclaim Defendant against Counterclaim Plaintiff are without basis in law or fact, and wholly without merit.

29. Given the facts of this matter as set forth by the Counterclaim Plaintiff herein, there is no “justiciable issue of either law or fact” that Counterclaim Plaintiff does not have any obligation in law or equity to repay Counterclaim Defendant for any relocation costs paid on his behalf.

30. Counterclaim Plaintiff has, and will continue to incur, substantial attorneys fees and costs to defend against this baseless matter.

WHEREFORE, Counterclaim Plaintiff hereby demands payment of his attorneys’ fees and reasonable costs.

**JURY TRIAL DEMAND**

Demand is hereby made for trial by jury for all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Counterclaim Plaintiff prays that the Court grant the following relief:

1. A finding that Counterclaim Defendant CVS Pharmacy, Inc. stands liable to Counterclaim Plaintiff Scott Jones for knowing and willful breach of contract;

2. A finding that Counterclaim Defendant CVS Pharmacy, Inc. stands liable to Counterclaim Plaintiff Scott Jones for pecuniary damages as a result of its knowing and willful breach of contract to make Counterclaim Plaintiff whole;

3. A finding that Counterclaim Defendant CVS Pharmacy, Inc. stands liable to Counterclaim Plaintiff Scott Jones pursuant to R.I.G.L. § 9-1-45 for his attorneys fees and costs associated with this litigation; and

4. Such other and further relief as this Court deems just and proper.

Respectfully submitted,
SCOTT JONES

By his Attorney,
Noelle K. Clapham

/s/ Noelle K. Clapham
Noelle K. Clapham (5338)
24 Salt Pond Road, Suite A-8
South Kingstown, RI 02879
(401) 783-3600
(401) 783-3670 (fax)
claphamlaw@verizon.net

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of October, 2006, a true and complete copy of the foregoing was electronically transmitted to counsel of record: Neal J. McNamara, Esquire and Matthew J. Frankel, Esquire, Nixon Peabody LLP, One Citizens Plaza, Suite 500, Providence, RI 02903.

/s/ Vicki J. Bejma