UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CVS PHARMACY, INC., Plaintiff, | : | |
| v. | : | C.A. No. 06-348ML |
| SCOTT JONES, Defendant. | : | |

**PLAINTIFF'S MEMORANDUM**
**IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS**

Pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff CVS Pharmacy, Inc. ("CVS") has moved to dismiss both Counts I and II contained in the Counterclaim of Defendant Scott Jones ("Jones"). Jones' asserted claims are wholly deficient for several reasons.

Count I, alleging breach of contract, fails to state a claim because it (1) fails to identify any contract, let alone any specific provision of that contract, upon which any alleged breach by CVS could be premised; (2) fails to identify any act or omission on the part of CVS that could constitute a breach of contract; (3) fails to allege any cognizable damages resulting from the alleged breach beyond the inconvenience and expense of defending against the lawsuit lodged by CVS; and (4) is premised solely upon the same factual assertions that Jones alleges relieve him of any obligation under the contract, i.e., merely restates his defense.

Count II, alleging that Jones is entitled to attorney's fees under R.I. Gen. Laws § 9-1-45, is deficient because (1) in order to prevail under the statute, Jones would have to show "a complete absence of a justiciable issue of either law or fact"; (2) Jones admits he entered into the contract at issue; and thus (3) there is, at the very least, a justiciable issue of fact as to whether the circumstances of Jones' departure from CVS triggered Jones'

duty to repay CVS pursuant to the terms of the contract.[1] For these reasons, discussed in more detail below, Jones' two-count Counterclaim should be dismissed.

## I. Background Facts and Procedural Posture

CVS's Amended Complaint, filed on or about August 3, 2006, asserted several causes of action sounding in contract and equity, along with a claim for attorney's fees pursuant to R.I. Gen. Laws § 9-1-45. In support of these claims, the Amended Complaint alleged certain facts establishing, inter alia, that at the beginning of Jones' employment with CVS in July 2005, Jones and CVS entered into a contract whereby CVS would front expenses related to Jones' relocation to Rhode Island. In exchange, Jones promised, in writing, that should he resign or be terminated for cause within twelve (12) months of relocation, Jones would reimburse CVS for the expenses associated with his relocation. (A copy of that contract, bearing Jones' signature, was attached to the Complaint as Exhibit B. Hereinafter, this contract will be referred to simply as "the Agreement.")

CVS's Amended Complaint further alleged facts establishing that after approximately eight (8) months at CVS, Jones explained to his supervisor that he had been offered a "dream job" in Seattle, Washington, and gave two weeks' notice of his resignation. The supervisor asked Jones to reconsider. Several days later, Jones reiterated his intention of leaving CVS's employ for the Seattle job. After CVS informed Jones that, under the terms of the Agreement, he owed CVS approximately $160,000.00 in relocation expenses, Jones sought to rescind his resignation and remain in CVS's employ through July 2006. The supervisor told Jones that he considered Jones'

[1] CVS contends that there is at least a justiciable issue of fact on the face of the Counterclaims, requiring disposal of Jones' utterly meritless claim under R.I. Gen. Laws § 9-1-45. For the purposes of its own claim under R.I. Gen. Laws § 9-1-45, however, CVS maintains that once all the facts are established, the frivolousness of Jones' refusal to make repayment pursuant to the contract will be manifest, entitling CVS to attorney's fees under the statute.

resignation final, and Jones did not return to CVS's employ. CVS filed this lawsuit after repeated requests failed to secure repayment by Jones pursuant to the terms of the contract.

Jones filed his Answer and Counterclaim on or about October 14, 2006. In his Answer, Jones admitted that he had entered into the written agreement with CVS that was attached to CVS's Amended Complaint as Exhibit B. See Jones' Answer ¶ 7. However, Jones generally denied the remaining allegations that, once proven, would render him liable to CVS under the terms of the Agreement.

In his Counterclaim, Jones' recitation of events differed from those outlined in CVS's Amended Complaint in two material ways. First, Jones alleged that the proper amount of relocation expenses was, in fact, $51,000.00, rather than CVS's asserted amount of $160,000.00. See Jones' Counterclaim ¶¶ 5, 9-10. Second, Jones alleged that after receiving the Seattle job offer, he merely "was considering leaving his employment with CVS," see id. ¶ 8, never actually resigned, see id. ¶ 18, but rather was forced from his job without cause on or about May 2, 2006. See id. ¶¶ 16-17, 19.

Based on this version of events, Jones then asserted two counts in his Counterclaim against CVS: (1) breach of contract and (2) attorney's fees under R.I. Gen. Laws § 9-1-45. Neither can withstand CVS's 12(b)(6) motion to dismiss.

## II. Legal Argument

### A. JONES' BREACH OF CONTRACT COUNT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

To state a valid claim for breach of contract, Jones must allege (1) that the parties reached a valid and binding agreement; (2) that CVS breached the terms of that agreement; and (3) that he suffered damages from the breach. See Michelson v. Digital

Fin. Servs., 167 F.3d 715, 720 (1st Cir. 1999); see also Kinetic Sys. v. Rhode Island Indus. Facilities Corp., 2003 R.I. Super. LEXIS 113, at *21 (R.I. Super. Ct. Aug. 1, 2003). Jones' Counterclaim allegations are woefully insufficient on their face.

Jones' breach of contract allegations – which are so unintelligible that they practically defy response – apparently are meant to advance the theory that CVS's *attempt to enforce the Agreement itself* constitutes a breach of contract. To support this theory, Jones makes the following allegations. First, in paragraph 23, Jones realleges paragraphs 1 through 22 of his Counterclaim, which assert inter alia (a) that Jones never resigned his position (¶ 19); (b) that "no basis exists in law or equity for repayment . . . of relocation expenses" (¶ 20); (c) that therefore Jones "has made no payment" (¶ 21); and (d) that Jones "has suffered and will continue to suffer damages, including attorney's fees and costs" (¶ 22). Second, in paragraph 24, Jones asserts that "under the facts as presented by [him, Jones] has no contractual obligation to repay [CVS] for any relocation costs paid on his behalf." Third, in paragraph 25, Jones alleges, bafflingly, that CVS's "attempts to coerce [Jones] into repayment of relocation costs constitute a knowing and willful breach of contract." Finally, in paragraph 26, Jones alleges that "[a]s a proximate and direct cause of [CVS's] breach," he has and will continue to suffer "pecuniary damages."

These allegations, on their face, fail to state a claim upon which relief can be granted. The reasons that Jones' allegations are legally deficient are addressed seriatim.

1. JONES FAILS TO ALLEGE THE EXISTENCE OF ANY CONTRACT OR SPECIFIC PROVISION UPON WHICH A BREACH COULD BE PREMISED.

The only contract identified in Count I of Jones' Counterclaim is the Agreement upon which CVS based its Amended Complaint.[2] Yet, in his Counterclaim, Jones points to no provision of that contract that required an act or omission on the part of CVS that could serve as the basis for his claim of a breach. Under the terms of the contract, CVS's obligation to front expenses related to Jones' relocation had already been performed. See Jones' Answer ¶¶ 8, 10-11 (admitting that CVS agreed to spend money to relocate Jones to Rhode Island and not denying CVS's allegations that it spent approximately $160,000.00 to do so). Jones simply does not allege that the Agreement required any further act (or omission) by CVS.

It is important to note that the Agreement did not, by its terms, create a contract for employment for a definite term. Nor did the Agreement create an employment relationship wherein CVS could only terminate Jones "for cause." Jones does not allege either of these, nor does he allege the existence of any subsequent oral or written contract. Jones also makes no allegation that that the employment relationship was anything other than at-will.

Rather, as is clear from the undisputed aspects of CVS's Amended Complaint and Jones' Answer and Counterclaim, the Agreement simply set forth the terms and conditions under which Jones' would be obligated to repay CVS for its relocation expenditures. Jones' Counterclaim simply does not identify any part of the Agreement –

---

[2] As is evident from his pleading, Jones does not allege the existence of an independent contract.

or any other contract – upon which a breach by CVS could be premised. For this reason, his breach of contract claim must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### 2. JONES FAILS TO ALLEGE ANY ACT OR OMISSION ON THE PART OF CVS THAT COULD CONSTITUTE A BREACH OF CONTRACT.

Even if Jones had identified a contract or a specific provision of a contract upon which to premise a breach, Jones' allegations of CVS's actions constituting a breach are wholly insufficient to state a viable claim. The only part of Jones' breach of contract claim relevant to this determination is paragraph 25, which states: "[CVS's] attempts to coerce [Jones] into repayment of relocation costs constitute a knowing and willful breach of contract." This allegation borders on the nonsensical and does not state a claim.

First, Jones' allegation of "coerc[ion]" has no basis in fact. CVS, under the clear terms of the Agreement, believes in good faith that it is entitled to repayment of the relocation costs at issue. On several occasions, CVS made demand on Jones or his counsel for the monies owed. No repayment occurred. CVS then instituted this suit in an effort to obtain judicial enforcement of the contract. If this constitutes "coerc[ion]," the judiciary's role in resolving civil disputes would be meaningless.

Second, and more importantly, CVS's attempts to secure repayment cannot, under any construction of the Agreement, constitute a breach of contract. If CVS's attempts to secure repayment under the terms of the Agreement constituted a breach of that very contract, the Agreement would be a mere nullity. Jones simply has failed to identify any behavior on the part of CVS that might constitute a breach of the Agreement. Therefore, his Counterclaim for breach of contract must be denied pursuant to Fed. R. Civ. P. 12(b)(6).

### 3. JONES FAILS TO ALLEGE ANY COGNIZABLE DAMAGES RESULTING FROM THE ALLEGED BREACH.

Even if Jones could point a contractual provision that was, in fact, breached – and the above makes clear that he cannot – Jones' Counterclaim would still fail for lack of damages flowing from the alleged breach. The only paragraphs in Jones' Counterclaim that fairly can be said to allege damages are paragraphs 22 and 26, which simply allege that Jones has suffered and will continue to suffer "pecuniary damages." Beyond a nod towards "attorney's fees and costs," Jones does not allege the source or amount of such damages or any contractual basis upon which any damages might be premised.

Apparently, since Jones believes that CVS's very act of bringing suit on the Agreement is itself a breach of contract, see Jones' Counterclaim ¶ 25, Jones also believes that attorney's fees for defense of this suit constitute contract damages to which he is entitled. This position has no basis in fact or law. Jones points to no provision in the contract that might be considered a covenant not to sue or otherwise provides for recovery of attorney's fees and costs. Nor has he alleged any facts that could fairly support the notion that CVS has anything other than a good-faith belief that it was entitled to recover on the contract. Therefore, Jones has not alleged sufficient facts to support his claim for contract damages. See Quill Co. v. A.T. Cross Co., 477 A.2d 939, 944-45 (R.I. 1984) (absent clear breach of covenant not to sue, statutory authorization, or "bad faith" or "obstinacy" on the part of the party asserting a claim, opposing party cannot recover attorney's fees as contract damages).

4. JONES' COUNTERCLAIM IS MERELY A RESTATEMENT OF HIS DEFENSE.

Apart from the legal deficiencies in Jones' breach of contract Counterclaim, Jones' claim should be dismissed because, at base, it merely restates his defense to CVS's claim based on the Agreement. A plain reading of Jones' Counterclaim allegations makes clear that the only issue for determination is whether, as CVS alleges, the circumstances of Jones' departure obligate him to repay CVS for relocation costs. Jones' simply alleges that the circumstances that would obligate repayment do not exist. His attempt to turn this simple factual denial into a cause of action *against CVS* must be rejected. Jones' claim for breach of contract must therefore be dismissed.

B. JONES' CLAIM FOR ATTORNEY'S FEES HAS NO BASIS IN LAW ON THE FACE OF THE PLEADINGS.

In Count II of his Counterclaim, Jones alleges he is entitled to attorney's fees pursuant to R.I. Gen Laws § 9-1-45 because there is no "'justiciable issue of either law or fact' that [Jones] does not have any obligation" to repay CVS. Jones' Counterclaim ¶ 29. It is clear from the face of the pleadings that Jones cannot succeed on this claim. There is no dispute that the Agreement existed. There is no dispute that Jones left his employment before the twelve-month period elapsed. The only dispute – on the face of the pleadings, anyway – is over the circumstances of Jones' departure. The (facial) dispute over whether Jones resigned or was terminated without cause is a "justiciable issue of . . . fact" that precludes the award of attorney's fees to Jones in this case. Therefore, under no view of the pleadings could CVS's claim be utterly baseless or frivolous as is required to

establish a claim for attorney's fees under the statute.[3] Count II of Jones' Counterclaim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), as well.

## III. Conclusion

For the foregoing reasons, Plaintiff CVS Pharmacy, Inc. respectfully requests that this Court DISMISS Counts I and II of Defendant Scott Jones' Counterclaim.

Respectfully submitted,
CVS PHARMACY, INC.

By its attorneys,

NIXON PEABODY LLP

/s/ Neal J. McNamara
/s/ Matthew J. Frankel
Neal J. McNamara (#4249)
Matthew J. Frankel (#7293)
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030
nmcnamara@nixonpeabody.com
mfrankel@nixonpeabody.com

Dated: November 3, 2006

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I sent a true and accurate copy of the within Plaintiff's Memorandum in Support of Motion to Dismiss Counterclaims via electronic transmittal and regular mail, postage prepaid to the following persons this 3d day of November, 2006.

Noelle K. Clapham, Esq.
24 Salt Pond Road, Suite A8,
South Kingstown, RI 02879

/s/ Neal J. McNamara

[3] Again, CVS maintains that the evidence in this case will show that Jones' refusal to honor the repayment provision of the Agreement is utterly baseless, entitling CVS to attorney's fees under R.I. Gen. Laws § 9-1-45.