UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CVS PHARMACY, INC. | : | |
| | : | |
| Plaintiff | : | |
| | : | C.A. No. 06-348 ML |
| v. | : | |
| | : | |
| SCOTT JONES | : | |
| | : | |
| Defendant | : | |

**DEFENDANT'S OBJECTION TO MOTION TO DISMISS COUNTERCLAIMS**

Now comes the Defendant, and objects to the Plaintiff's Motion to Dismiss Counterclaims. In support of said Objection, Defendant relies upon his Memorandum of Law, attached hereto and made a part hereof.

Respectfully submitted,
SCOTT JONES
By his Attorneys,

/s/ Noelle K. Clapham
Noelle K. Clapham (5338)
24 Salt Pond Road, Suite A-8
South Kingstown, RI 02879
(401) 783-3600
(401) 783-3670 (fax)
claphamlaw@verizon.net

/s/Vicki J. Bejma
Stephen M. Robinson #2103
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
November 20, 2006
vbejma@smrobinsonlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of November, 2006, a true and complete copy of the foregoing was electronically transmitted to counsel of record: Neal J. McNamara, Esquire and Matthew J. Frankel, Esquire, Nixon Peabody LLP, One Citizens Plaza, Suite 500, Providence, RI 02903.

/s/ Vicki J. Bejma

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CVS PHARMACY, INC. | : | |
| | : | |
| Plaintiff | : | |
| | : | C.A. No. 06-348 ML |
| v. | : | |
| | : | |
| SCOTT JONES | : | |
| | : | |
| Defendant | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S OBJECTION TO MOTION TO DISMISS COUNTERCLAIMS**

## I. INTRODUCTION

This matter comes before this Court on Plaintiff's Motion to Dismiss Defendant's Counterclaims pursuant to Fed. R. Civ. P. 12(b)(6). The Complaint and Counterclaim both center around an agreement regarding Plaintiff's payment of Defendant's relocation costs. Plaintiff alleges that in or about June 30, 2005, Defendant had agreed to enter Plaintiff's employ. As part of the employment agreement, the Plaintiff agreed to pay expenses incurred by the Defendant in the process of Defendant's moving from his residence in Pennsylvania in order to accept employment with Plaintiff in Rhode Island. Plaintiff also alleges that said agreement provided that if the Defendant terminated employment or was terminated for cause within 12 months, Defendant would repay Plaintiff for the relocation expenses. Plaintiff alleges that Defendant began employment on or about July 12, 2005, and resigned on or about May 2, 2006, and therefore must repay the Plaintiff some $160,000 in relocation costs.

As outlined in his Answer and Counterclaim, Defendant's view of the events surrounding his employment and termination radically differs from that of the Plaintiff. Defendant acknowledges that he entered into the agreement with Plaintiff regarding relocation costs.

However, Defendant disagrees with the allegation that he resigned from Plaintiff's employ. Instead, Defendant alleges that he was terminated shortly after broaching the subject of re-negotiating these relocation costs. (Counterclaim, ¶ 16-18.) This termination took place on or about May 2, 2006, a mere few weeks before the July 12, 2005 anniversary date of his employment. Furthermore, the termination was not for just cause, but was done for the sole purpose of attempting to extract the relocation costs from Defendant after he had substantially completed everything that he was required to do. Additionally, Defendant disagrees with the position that the relocation costs amounted to $160,000. (Counterclaim, ¶ 9.) Defendant has filed his own breach of contract Counterclaim against Plaintiff, and also a Counterclaim demanding his attorney's fees pursuant to R.I.G.L. § 9-1-45.

Plaintiff has now attempted to dismiss Defendant's counterclaims pursuant to Rule 12(b)(6). As we shall describe below, Defendant's counterclaims are indeed sufficient to establish breach of contract and entitlement of attorney's fees. Therefore, Plaintiff's Motion to Dismiss must fail.

## II. LEGAL ARGUMENT

The standard for dismissal pursuant to Rule 12(b)(6) is demanding. A dismissal pursuant to Rule 12(b)(6) can only be granted if the non-movant's claim fails to allege sufficient facts to permit it to prevail on any legal theory whatsoever. ***See*** Tompkins v. United Healthcare of New England, 203 F.3d 90, 93 (1st Cir. 2000). The motion justice does not make any factual determinations, but instead takes all factual allegations as true and draws every reasonable inference in favor of the non-moving party. ***See id.***

The Plaintiff is unable to meet this demanding standard. Apparently, Plaintiff proceeds on a fundamental misunderstanding regarding the nature of the Defendant's Counterclaims.

Plaintiff would have it that the Defendant bases his breach of contract claims solely upon the fact that Plaintiff has brought suit in order attempt to recover the relocation expenses in question. This view represents an oversimplification of the Defendant's Counterclaims. The gravamen of the Defendant's Counterclaim is that he was arbitrarily and unreasonably terminated so that CVS could avoid liability for the Defendant's relocation costs under the agreement.

This allegation, if accepted as true, would be sufficient to support a claim for breach of contract. Under Rhode Island law, there is an implied covenant of good faith and fair dealing between parties to a contract so that contractual objectives may be achieved. The breach of said covenant gives rise to a breach of contract claim. *See* Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 66 F.Supp.2d 317, 329 (D.R.I. 1999), *citing* Fleet Nat'l Bank v. Liuzzo, 766 F.Supp. 61, 67 (R.I. 1991); A.A.A. Pool Service v. Aetna Cas. & Sur. Co, 395 A.2d 724 (R.I. 1978). In other words, a breach of contract exists not only when a party fails to perform, but also where a party interferes with another party's performance. *See* Kinetic Systems, Inc. v. Rhode Island Industrial Facilities Corp., 2003 WL 22048520 (R.I. Super.), *8, *citing* Demicco v. Medical Associates of Rhode Island, Inc., 2000 WL 1146532 (D.R.I. 2000).

The termination of an employee without cause in order to avoid paying compensation to which the employee would otherwise be entitled, such as bonuses or pensions, has long been understood to constitute such a breach of good faith and fair dealing. *See* Michelson v. Digital Financial Services, 167 F.3d 715, 726 (1st Cir. 1999); Moore v. Home Ins. Co., 601 F.2d 1072, 1074 (9th Cir. 1979); Lemmon v. Cedar Point, Inc., 406 F.2d 94, 97 (6th Cir. 1969); Cataldo v. Zuckerman, 482 N.E.2d 849, 854 (Mass.App.Ct. 1985). This is so even in instances where the employee served at will. *See* Michaelson at 726. This rule has also been applied even when the

employee had not completed all of the actions necessary to earn the compensation or benefit in question, but had substantially done so before said termination. *See* Lemmon, at 97.

If Defendant's version of events were accepted as true, then Plaintiff has engaged in a breach of good faith and fair dealing. The agreement regarding relocation expenses required that Plaintiff pay all relocation costs. Defendant would become liable for said costs in the event of his ". . . voluntary resignation or involuntary termination for cause" from Plaintiff's firm within 12 months after his starting date. In other words, under the agreement, Defendant was required to remain in Plaintiff's employ for a year in order to perfect his right to relocation costs. As Defendant alleges, he did not resign from his position. Instead, the Plaintiff terminated him on or about May 2, 2006. (Counterclaim, ¶ 17-18.) Defendant alleges that there had been no "just cause" for a termination. (Counterclaim, ¶ 19.) It is also significant that this termination came shortly after Defendant had attempted to discuss the relocation costs with Plaintiff's representatives. (Counterclaim, ¶ 6-16.) It is also significant that by May 2, 2006, Defendant had substantially completed all actions necessary to have fully earned his relocation costs, in that he had moved to Rhode Island, and was a mere few weeks away from completing his year's service. Plaintiff also continued to insist that Defendant pay the relocation costs despite the fact that it had terminated Defendant without cause, in that it has never been suggested that the Defendant at no point committed any misfeasance or malfeasance in his employment. Instead, he was simply told that Plaintiff wished Defendant to leave Plaintiff's employ, and removed him from the building. (Counterclaim, ¶ 16-17.)

If Defendant's allegations were accepted as true, an inference could be drawn that Plaintiff had engaged in this termination in order to avoid responsibility for relocation costs. In other words, Plaintiff prevented Defendant from fully performing the obligations that would

have allowed him to be completely entitled to the relocation costs. Plaintiff could therefore be properly found to have breached its covenant of good faith, and accordingly would have committed a breach of contract. *See* Cataldo, at 854.

Defendant, then, has clearly invoked a breach of good faith and fair dealing that would support a breach of contract claim. Furthermore, also contrary to Plaintiff's allegations, Defendant's damages do not consist of mere attorney's fees. Defendant also lost the wages that he would have earned but for Plaintiff's bad-faith conduct aimed at avoiding the relocation costs.

Furthermore, there is no merit to Plaintiff's position that it is entitled to dismiss Count II, brought pursuant to R.I.G.L. § 9-1-45. R.I.G.L. § 9-1-45 provides, in pertinent part:

> The court may award a reasonable attorney's fee to the prevailing party in any civil action arising from a breach of contract in which the court:
>
> (1) Finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party; or
> (2) Renders a default judgment against the losing party.

Under the circumstances, dismissal of a count for attorney's fees pursuant to R.I.G.L. § 9-1-45 would be premature at this time. Because we are still at the Rule 12(b)(6) stage, this Court is required to look no further than the four corners of the complaint, assume that the allegations contained therein to be true, and draw all inferences in the light most favorable to the complainant. *See* Tompkins, 203 F.3d at 93. Although the Plaintiff has presented a differing version of events, the Defendant is still entitled to have his own treated as true for the purposes of deciding this Motion. *See id.* For purposes of deciding this motion, then, we must believe that the Plaintiff terminated Defendant and improperly failed to offer the opportunity to complete the service time necessary to avoid becoming liable for repayment of relocation costs,. If this were in fact the case, then there could be no justiciable issue of fact of law. The Plaintiff, then, could not be granted a dismissal of the R.I.G.L. § 9-1-45 count at this juncture.

Accordingly, then, the Plaintiff cannot meet the demanding burdens imposed by Rule 12(b)(6). The facts alleged by the Defendant in his Counterclaims, if true, would show that the Plaintiff breached the duty of good faith implied in every contract, in that the Plaintiff arbitrarily and unreasonably failed to give the Defendant the opportunity to earn his right to relocation costs. Furthermore, those same allegations would support an award for attorney's fees pursuant to R.I.G.L. § 9-1-45. Therefore, the Plaintiff's Motion to Dismiss must fail.

## III. CONCLUSION

For the above-referenced reasons, the Plaintiff's Motion to Dismiss Counterclaims should be DENIED.

Respectfully submitted,
SCOTT JONES
By his Attorneys,

/s/ Noelle K. Clapham
Noelle K. Clapham (5338)
24 Salt Pond Road, Suite A-8
South Kingstown, RI 02879
(401) 783-3600
(401) 783-3670 (fax)
claphamlaw@verizon.net

/s/Vicki J. Bejma
Stephen M. Robinson #2103
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
November 20, 2006
vbejma@smrobinsonlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of November, 2006, a true and complete copy of the foregoing was electronically transmitted to counsel of record: Neal J. McNamara, Esquire and Matthew J. Frankel, Esquire, Nixon Peabody LLP, One Citizens Plaza, Suite 500, Providence, RI 02903.

/s/ Vicki J. Bejma