UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CVS PHARMACY, INC., Plaintiff, | : | |
| v. | : | C.A. No. 06-348ML |
| SCOTT JONES, Defendant. | : | |

**PLAINTIFF'S REPLY MEMORANDUM TO DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS**

Plaintiff CVS Pharmacy, Inc. ("CVS") submits this reply memorandum to the memorandum of Defendant Scott Jones ("Jones") opposing Plaintiff's motion to dismiss Jones' counterclaims. As discussed below, Jones' breach of contract claim fails because (a) his attempt to assert a breach of "good faith and fair dealing" is unavailing, as it was not pleaded in his counterclaim and (b) he cannot establish any contractual basis for damages, and thus cannot establish a prima facie case of breach of contract.[1]

A. JONES CANNOT ASSERT A BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING BECAUSE HE DID NOT PLEAD THAT COUNT IN HIS COUNTERCLAIM.

This Court should reject Jones' underhanded attempt effectively to amend his pleading, and alter his theory of CVS's liability, by way of his opposition to CVS's motion to dismiss. See Memorandum in Support of Defendant's Objection to Motion to Dismiss Counterclaims ("Def.'s Mem."), at unnumbered 3-5. "Nowhere in [Jones' counterclaim] is there any mention of a duty of good faith and fair dealing, or allegation that the defendants breached such a duty." Augienello v. Coast-To-Coast Fin. Corp., 64 Fed. Appx. 820, 822 (2d Cir. 2003) (unpublished decision). Jones cannot now invoke good faith and fair dealing to avoid dismissal of what is a

---

[1] CVS hereby withdraws its motion to dismiss with respect to Count II of Jones' Counterclaim, claiming attorney's fees and costs pursuant to R.I. Gen. Laws § 9-1-45.

patently invalid breach of contract claim. Jones is "not asking for liberal construction of [his counterclaim] so much as amendment of the [counterclaim] to include a claim that [he] did not plead." Id.; see also Kivel v. WealthSpring Mortg. Corp., 398 F. Supp. 2d 1049, 1057 (D. Minn. 2005) ("The court finds that Minnesota courts would therefore require plaintiffs to separately plead their claim for breach of the implied covenant."). This Court should not permit Jones to side-step the rules of civil procedure by transforming his claim to avoid dismissal. CVS's motion to dismiss should therefore be granted.

B. EVEN IF JONES HAD EFFECTIVELY PLEADED A BREACH, HIS PRIMA FACIE CASE FAILS BECAUSE HE HAS NOT PLEADED COGNIZABLE CONTRACT-BASED DAMAGES.

In order to state a valid claim for breach of contract, Jones must allege damages flowing from the alleged breach. As discussed in Plaintiff's Memorandum in Support of Motion to Dismiss Counterlaims ("Pl.'s Mem."), at 7, Jones' Counterclaim alleged as damages only (1) unspecified "pecuniary damages" and (2) attorney's fees and costs. In his opposition memorandum, Jones specified the purported basis for his alleged pecuniary damages: "lost . . . wages that he would have earned but for Plaintiff's bad faith conduct aimed at avoiding relocation costs." Def.'s Mem. at unnumbered 5.

Neither allegation of damage, as a matter of law, can support the damages prong of Jones' prima facie breach of contract count. Because he had not alleged a prima facie case, Jones' breach of contract claim must be dismissed.

"The underlying rationale in breach-of-contract actions is to place the innocent party in the position in which he would have been if the contract had been fully performed." Gray v. Water St. Corp. (In re American Shipyard Corp.), 220 B.R. 734, 737 (Bankr. D.R.I. 1998) (quoting National Chain Co. v. Campbell, 487 A.2d 132, 135 (R.I. 1985)). Jones' allegation is

simply that CVS prevented him from performing his end of the contract – i.e., working through July 2006 – by terminating him without cause. Assuming, however, that Jones did continue in his employment through July 2006, Jones would be in *exactly the same position* he is now with respect to the relocation payment that was the subject of the contract. Put simply, accepting Jones' allegations as true, Jones has already received the "benefit of [his] bargain": relocation, paid for by CVS. Id. There is nothing in the contract entitling Jones to anything further; nor has Jones alleged any forbearance or expenditure on his part that might entitle him to remuneration.

Jones' allegation that his "lost [] wages" constitute potential contract damages utterly lacks merit. Jones does not, and cannot, point to any contract language entitling him to employment for a definite term. Jones also alleges no facts suggesting that the employment relationship was anything other than at-will. Thus, Jones alleges no contractual basis by which he was entitled, but wrongly denied, wages from the time of his separation through July 2006. His argument that lost wages could constitute damages under his *relocation agreement* should therefore be summarily rejected.

Jones' argument that his attorney's fees and costs stemming from defense of this suit can constitute contract damages is equally unavailing. "There is no general equitable right to attorney's fees in the absence of an authorizing statute or a contractual provision." Jem Co. v. Fairway Capital Corp., 678 A.2d 1247, 1247 (R.I. 1996). Jones does not, and cannot, point to any provision of the contract that might entitle him to attorney's fees. Although Jones has invoked R.I. Gen. Laws § 9-1-45, this statutory authorization for attorney's fees (in the proper circumstances) is a completely independent claim from his allegation of damages flowing from CVS's alleged breach of the contract. Therefore, Jones' statutory claim to attorney's fees cannot save his otherwise groundless count alleging breach of contract.

For the foregoing reasons, as well as those advanced in CVS's initial memorandum, this Court should GRANT CVS's motion to dismiss Jones' breach of contract counterclaim.

Respectfully submitted,
CVS PHARMACY, INC.

By its attorneys,

NIXON PEABODY LLP

/s/ Neal J. McNamara
/s/ Matthew J. Frankel
Neal J. McNamara (#4249)
Matthew J. Frankel (#7293)
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030
nmcnamara@nixonpeabody.com
mfrankel@nixonpeabody.com

Dated: December 5, 2006

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I sent a true and accurate copy of the within Plaintiff's Memorandum in Support of Motion to Dismiss Counterclaims via electronic transmittal and regular mail, postage prepaid to the following persons this 5th day of December, 2006.

Noelle K. Clapham, Esq.
24 Salt Pond Road, Suite A8,
South Kingstown, RI 02879

/s/ Neal J. McNamara