UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CVS PHARMACY, INC., Plaintiff, | : | |
| v. | : | C.A. No. 06-348 ML |
| SCOTT JONES, Defendant. | : | |

**PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM**

As Answer to the Counterclaim filed by Defendant Scott Jones ("Jones") on or about October 14, 2006, Plaintiff CVS Pharmacy, Inc. ("CVS") states as follows:

**FIRST DEFENSE**

1. CVS lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 1.

2. Admitted.

3. CVS admits that Jones was employed by CVS beginning on or about July 12, 2005 until on or about May 2, 2006.

4. CVS admits that Jones told Jon Roberts that he had received an offer of employment from another company, but states that, upon information and belief, such conversation occurred on Friday, April 21, 2006.

5. Denied.

6. Denied.

7. Admitted, but CVS states that, upon information and belief, such conversation occurred on Friday, April 21, 2006.

8. Denied.

9. Denied.

10. CVS admits that, at some point prior to his leaving the employ of CVS, Jones stated to Roberts that Jones believed the relocation costs at issue totaled approximately $50,000. CVS denies the remaining allegations in paragraph 10.

11. Denied.

12. Denied.

13. Denied.

14. CVS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15. CVS admits that on or about May 2, 2006, Jones met with Roberts and Lisa Bisaccia. CVS denies the remaining allegations in paragraph 15.

16. Admitted.

17. CVS admits that Jones was escorted from the building. CVS denies the remaining allegations in paragraph 17. CVS further states that it made arrangements with Jones for Jones to obtain his personal belongings from his office.

18. Denied.

19. Denied.

20. Denied.

21. Admitted.

22. Denied.

**Count I**
**Breach of Contract**

23. CVS hereby realleges and incorporates by reference its responses to all other paragraphs of Jones' counterclaim.

24. CVS denies the allegations in paragraph 24, but states that the contracts attached CVS's Complaint are legitimate and legally valid, binding, and enforceable contracts.

25. Denied.

26. Denied.

**Count II**
**Attorney's Fees and Costs**
**R.I. Gen. Laws § 9-1-45**

27. CVS hereby realleges and incorporates by reference its responses to all other paragraphs of Jones' counterclaim.

28. Denied.

29. Denied.

30. Denied.

**SECOND DEFENSE**

Jones' counterclaim fails to state a claim upon which relief can be granted.

**THIRD DEFENSE**

Jones' counterclaim is barred by the doctrines of unclean hands, estoppel, and/or waiver.

**FOURTH DEFENSE**

Jones' own conduct was the proximate cause of any alleged damages he sustained.

**FIFTH DEFENSE**

At all relevant times, CVS acted in good faith.

**SIXTH DEFENSE**

Jones has failed to identify a contract, or a provision of a contract, the terms of which would entitle him to damages.

**SEVENTH DEFENSE**

Jones failed to act reasonably to mitigate his alleged damages.

Respectfully submitted,
CVS PHARMACY, INC.

By its attorneys,

NIXON PEABODY LLP

/s/ Neal J. McNamara
/s/ Matthew J. Frankel
Neal J. McNamara (#4249)
Matthew J. Frankel (#7293)
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030
nmcnamara@nixonpeabody.com
mfrankel@nixonpeabody.com

Dated: January 3, 2007

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I sent a true and accurate copy of the within Plaintiff's Memorandum in Support of Motion to Dismiss Counterclaims via electronic transmittal and regular mail, postage prepaid to the following persons this 3rd day of January, 2007.

Noelle K. Clapham, Esq.
24 Salt Pond Road, Suite A8,
South Kingstown, RI 02879

Vicki J. Bejma, Esq.
Law Offices of Stephen M. Robinson
155 South Main Street
Providence, RI 02903

/s/ Neal J. McNamara