UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CVS PHARMACY, INC. Plaintiff | : | C.A. No. 06-348 ML |
| v. | : | |
| SCOTT JONES Defendant | : | |

**MOTION TO COMPEL ATTENDANCE AT DEPOSITION AND FOR ADDITIONAL RELIEF**

Now comes the Defendant, and hereby moves to compel the attendance of Jon Roberts at deposition, and for any other relief that this Court deems appropriate. In support of said Motion, Defendant avers the following:

1. On or about May 23, 2007, Defendant noticed the deposition of Jon Roberts for June 7, 2007, at the Law Offices of Stephen M. Robinson, 155 South Main Street, Providence, Rhode Island.
2. Deponent Jon Roberts has knowledge regarding the subject matter of the complaint, in that he is the Plaintiff CVS Pharmacy Inc.'s Senior Vice President and Chief Information Officer. In that capacity. Roberts served as Defendant's immediate supervisor, and was the official identified in Plaintiff's complaint as having engaged with discussions with the Defendant regarding Defendant's leaving his employment with Plaintiff.
3. Counsel for the Plaintiff voluntarily agreed to produce Roberts for deposition.
4. On the morning of June 7, 2007, counsel for the Defendant, Noelle K. Clapham, contacted counsel for the Plaintiff, Neal McNamara, and informed

him that due to a personal emergency, Roberts's deposition would be taken by co-counsel for the Defendant Stephen M. Robinson. Although the site of the deposition had been changed to CVS' headquarters by agreement of the parties, Attorney Clapham requested that the site be changed to that of Attorney Robinson's office, as originally planned.

5. Attorney McNamara's office contacted Attorney Clapham, and informed her that Roberts would not attend a deposition at Attorney Robinson's office, claiming that it would be unduly burdensome to require Roberts to travel from Woonsocket to Providence.

6. No later than 12:00 p.m. on June 7, 2007, Attorneys Clapham and Robinson contacted Attorney McNamara's secretary and informed her that they would take Roberts' deposition at Woonsocket at 2:00.

7. At approximately 1:10 p.m., Attorney McNamara's secretary called Attorney Robinson's office, and informed him that Roberts would not be available for deposition at 2:00. Attorney McNamara's secretary also informed Attorney Robinson that Attorney McNamara was not available to discuss this matter.

8. Attorney Robinson re-noticed Roberts' deposition for June 8, 2007 at 2:00 p.m.

9. By letter dated June 7, 2007, Attorney McNamara informed Attorney Robinson that Roberts would not be available for deposition on that date, either.

10. Due to Roberts' detailed knowledge of the subject incidents in the complaint, Roberts' deposition is crucial to permit the Defendant to adequately prepare for trial of this matter.

11. Roberts' failure to appear at deposition creates substantial burdens for Defendant, in that discovery is to close on this matter on June 29, 2007.

WHEREFORE, Defendant respectfully requests an Order from this Court compelling Roberts to appear for deposition forthwith, and any other relief that this Court deems appropriate.

Respectfully submitted,
SCOTT JONES

By his Attorney,
Vicki J. Bejma

/s/ Vicki J. Bejma
Noelle K. Clapham (5338)
24 Salt Pond Road, Suite A-8
South Kingstown, RI 02879
(401) 783-3600
(401) 783-3670 (fax)
vbejma@smrobinsonlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of June, 2007 a true and complete copy of the foregoing was electronically transmitted to counsel of record: Neal J. McNamara, Esquire and Matthew J. Frankel, Esquire, Nixon Peabody LLP, One Citizens Plaza, Suite 500, Providence, RI 02903.

/s/ Vicki J. Bejma