UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CVS PHARMACY, INC., Plaintiff, | : | |
| v. | : | C.A. No. 06-348 ML |
| SCOTT JONES, Defendant. | : | |

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c), Plaintiff CVS Pharmacy, Inc. ("CVS") hereby moves for a protective order quashing deposition notices issued by Defendant Scott Jones ("Defendant" or "Jones") to three "apex officers" of CVS: (1) President and Chief Executive Officer Thomas Ryan; (2) Executive Vice President, Chief Financial Officer, and Chief Administrative Officer David Rickard; and (3) Senior Vice President of Human Resources and Corporate Communication, Michael Ferdinandi. Neither Mr. Ryan nor Mr. Rickard have any personal knowledge of any facts relevant to this case. Mr. Ferdinandi had only two brief conversations with persons who were involved in the events underlying the lawsuit. Defendant can elicit all information ostensibly sought through these depositions by deposing other CVS employees with personal knowledge of the facts of this case or through other means of discovery. Because the depositions are calculated to annoy and unduly burden CVS's top-level officers, a protective order is appropriate pursuant to Rule 26(c). In further support of this motion, Plaintiff submits the attached memorandum of law and the affidavits of Mssrs. Ryan, Rickard, and Ferdinandi.

RULE 26(c) CERTIFICATION

I, Neal J. McNamara, hereby certify that I attempted to confer with Defendants' counsel regarding these disputed depositions, but was unable to resolve the dispute without court action.

Respectfully submitted,
PLAINTIFF CVS PHARMACY, INC.

By its attorneys,

NIXON PEABODY LLP

/s/ Neal J. McNamara
Neal J. McNamara (#4249)
Matthew J. Frankel (#7293)
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel. (401) 454-1000
Fax. (40l) 454-1030
nmcnamara@nixonpeabody.com
mfrankel@nixonpeabody.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the within document was forwarded via first class mail, postage pre-paid, this 14th day of June, 2007, to the following persons.

Noelle K. Clapham, Esq.
24 Salt Pond Road, Suite A8,
South Kingstown, RI 02879

Vicki J. Bejma, Esq.
Law Offices of Stephen M. Robinson
155 South Main Street
Providence, RI 02903

/s/ Marilyn Lovely

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CVS PHARMACY, INC., Plaintiff, | : | |
| v. | : | C.A. No. 06-348 ML |
| SCOTT JONES, Defendant. | : | |

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

Plaintiff CVS Pharmacy, Inc. ("Plaintiff" or "CVS") moves for a protective order quashing three deposition notices issued by Defendant Scott Jones ("Defendant" or "Jones") to three of CVS's "apex officers," Thomas Ryan, David Rickard, and Michael Ferdinandi. Mr.Ryan is CVS's President and Chief Executive Officer ("CEO"). Mr. Rickard is CVS's Executive Vice President and Chief Financial Officer. Mr. Ferdinandi is CVS's Senior Vice President of Human Resources and Corporate Communication. As a primary matter, neither Mr. Ryan nor Mr. Rickard have any personal or unique knowledge regarding the facts relevant to this case. Similarly, Mr. Ferdinandi had only two brief conversations with those who were directly involved in the events underlying this lawsuit, and has no unique knowledge of relevant facts. Thus, it seems clear that these depositions were noticed with the intent simply to annoy and otherwise unduly burden these high-level corporate officers. See Fed. R. Civ. P. 26(c). Further, there is no reason why Jones cannot elicit all of the information he seeks through the deposition of other CVS employees who have been identified as persons with knowledge and who are available to be deposed, or through alternative discovery devices. Thus, the depositions of these high-level officers would also be cumulative and duplicative. See Fed. R. Civ. P. 26(b)(2)(C).

For these reasons, and as discussed in greater detail below, a protective order is appropriate in these circumstances.

**I. Factual Background**

The facts relevant to this motion are as follows. When Jones' began his employment with CVS in July 2005, Jones and CVS entered into a contract whereby CVS would pay for expenses related to Jones' relocation to Rhode Island. In exchange, Jones promised, in writing, that should he resign or be terminated for cause within twelve (12) months of relocation, Jones would reimburse CVS for the expenses associated with his relocation.

On April 21, 2005, after working approximately nine months at CVS, Jones explained to his supervisor, John Roberts, that he (Jones) had been offered a "dream job" in Seattle, Washington, and gave two weeks' notice of his departure. Jones also told Roberts that his new employer would pay the relocation amount, which Jones assumed to be approximately $51,000. Roberts asked Jones to stay for an additional several weeks so that he could assist in transitioning to a new management structure in their department. Several days later, Jones reiterated his intention of leaving CVS's employ for the Seattle job. Roberts checked with Human Resources and learned that, under the terms of the Agreement, Jones owed CVS approximately $160,000.00 in relocation expenses. Once Roberts informed Jones of the amount owed, Jones sought to rescind his resignation and remain in CVS's employ for a period. Roberts told Jones that he considered Jones' resignation final. Jones last day of work at CVS was May 2, 2006. CVS filed this lawsuit on or about July 28, 2006, after Jones failed to repay pursuant to the terms of the contract.

Neither Mr. Ryan nor Mr. Rickard had any personal involvement with respect to CVS's dispute with Scott Jones from which this lawsuit arose. Mr. Ferdinandi had extremely limited

involvement in the underlying events, i.e., two brief conversations with those who were involved. Mr. Ryan, Mr. Rickard, or Mr. Ferdinandi do not have unique knowledge of any facts relevant to this case. CVS submits, as Exhibits A and B, attached, the affidavit of Mr. Ryan and the declaration of Mr. Ferdinandi,[1] respectively. Mr. Rickard is currently traveling abroad; his affidavit will be submitted as soon as possible after his return during the week beginning Monday, June 18, 2007. These sworn documents clearly show (or, in Mr. Rickard's case, will show) that Jones has absolutely no need to depose these high-level officials.

Discovery in this case has been ongoing for approximately six months and closes on June 29, 2007. Defendant issued six deposition notices on or about June 4, 2007, three of which are the depositions at issue here. Being unable to resolve the dispute over these depositions without court action, CVS has filed the instant motion seeking to quash the deposition notices at issue.

## II. Legal Argument

"The district court has the discretion to limit discovery." Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 244 F.3d 189, 193 (1st Cir. 2001). The plain language of the Federal Rules allow courts to limit discovery so as to avoid cumulation, duplication, harassment, expense and burdensomeness. Id.; Baine v. General Motors Corp., 141 F.R.D. 332, 334 (M.D. Ala. 1991). The discretion to limit discovery extends to imposing restrictions where the discovery sought "is obtainable from some other source that is more convenient, less burdensome, or less expensive." Baine, 141 F.R.D. at 334 (quoting Fed. R. Civ. P. 26(b)(1)).

---

[1] Mr. Ferdinandi is currently traveling out of town on business. He has authorized counsel to submit his declaration, which he has confirmed is true and accurate to the best of his knowledge. A fully executed, notarized affidavit, containing identical statements, will be submitted as soon as possible after Mr. Ferdinandi's return next week.

"[T]he oral deposition of a high level corporate executive should not be freely granted when the subject of the deposition will be only remotely relevant to the issues of the case." Folwell v. Hernandez, 210 F.R.D. 169, 174 (M.D.N.C. 2002). Courts have routinely granted protective orders where a party notices an apex deposition, (i.e., a deposition of a high-level corporate officer) and the would-be deponent has no knowledge of relevant facts. See, e.g., Thomas v. IBM, 48 F.3d 478, 483 (10th Cir. 1995); Lewelling v. Farmers Ins. of Columbus, Inc., 879 F.2d 212, 218 (6th Cir. 1989); Evans v. Allstate Ins. Co., 216 F.R.D. 515, 518-19 (N.D. Okla. 2003). Apex officers, like Mr. Ryan, Mr. Rickman, and Mr. Ferdinandi "can easily be subjected to unwarranted harassment and abuse" through the noticing of unnecessary depositions. Mulvey v. Chrysler Corp., 106 F.R.D. 364, 366 (D.R.I. 1985). Thus, "when a party seeks to depose high-level decisionmakers who are removed from the daily subjects of the litigation, the party must first demonstrate that the would-be deponent has 'unique personal knowledge' of the matter in issue." Baine, 141 F.R.D. at 334 (citing Community Federal Sav. & Loan Ass'n v. FHLBB, 96 F.R.D. 619, 621-22 (D.D.C. 1983)).

Here, two of the apex officers that Jones seeks to depose, Mr. Ryan and Mr. Rickard, know absolutely nothing about the facts of his case. The third, Mr. Ferdinandi, had only two brief conversations about the events underlying this case. Jones simply cannot show, as he must, that any of the apex officers have any *unique* knowledge that would justify allowing these depositions to go forward. See id. Forcing these corporate officers to take time away from busy work schedules for a deposition in a case about which they know nothing clearly constitutes an unnecessary and pointless "annoyance" and an "undue burden" as contemplated in Rule 26.

Further militating against allowing these pointless depositions to proceed is the fact that CVS has made and will make available all persons who do, in fact, have personal knowledge of

the facts of this case. An apex "deposition [should] not be allowed where the information could be had through interrogatories, deposition of a designated spokesperson, or deposition testimony of other persons." Baine, 141 F.R.D. at 334. Because whatever information Jones seeks "is obtainable from some other source that is more convenient [and] less burdensome," Fed. R. Civ. P. 26(b)(2)(C), the Court should quash the deposition notices at issue.

At the very least, the Court should require that Jones "exhaust[] other less intrusive discovery methods," especially the depositions of CVS employees who have professed knowledge of the facts in issue. See WebSideStory, Inc. v. NetRatings, Inc., 2007 WL 1120567, at *2 (S.D. Cal. Apr. 6, 2007); see also Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. 1979). If, after having done so, Jones still believes that Mr. Ryan, Mr. Rickard, and Mr. Ferdinandi can offer relevant information, Jones should be required to request leave of the Court to depose one or more of them. Permission to go forward with any such deposition should only be granted if Jones can make a particularized and specific showing that (1) he seeks particular information (2) that he has reason to believe is possessed by the prospective apex deponent and (3) that is or was unavailable through other means of discovery. Adopting this posture would be consistent with those reported decisions in which courts were skeptical of a party's need to depose an apex officer, but reluctant to bar the deposition wholesale. See, e.g., Salter, 593 F.2d at 651 (5th Cir. 1979); Baine, 141 F.R.D. 335-36; Mulvey, 106 F.R.D. at 366.

## III. Conclusion

For the reasons discussed above, Plaintiff CVS Pharmacy, Inc. respectfully requests that the Court GRANT its motion for protective order and quash the deposition notices issued to apex officers Thomas Ryan, David Rickard, and Michael Ferdinandi.

Respectfully submitted,
PLAINTIFF CVS PHARMACY, INC.

By its attorneys,

NIXON PEABODY LLP

/s/ Neal J. McNamara
Neal J. McNamara (#4249)
Matthew J. Frankel (#7293)
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel. (401) 454-1000
Fax. (40l) 454-1030
nmcnamara@nixonpeabody.com
mfrankel@nixonpeabody.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the within document was forwarded via first class mail, postage pre-paid, this 14th day of June, 2007, to the following persons.

Noelle K. Clapham, Esq.
24 Salt Pond Road, Suite A8,
South Kingstown, RI 02879

Vicki J. Bejma, Esq.
Law Offices of Stephen M. Robinson
155 South Main Street
Providence, RI 02903

/s/ Marilyn Lovely