# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CVS PHARMACY, INC., Plaintiff, | : | |
| v. | : | C.A. No. 06-348 ML |
| SCOTT JONES, Defendant. | : | |

DECLARATION OF MICHAEL FERDINANDI

Under the pains and penalties of perjury, I, Michael Ferdinandi, do hereby depose and state:

1. I am Senior Vice President of Human Resources and Corporate Communications of plaintiff CVS Pharmacy, Inc. ("CVS"). The facts set forth herein are based upon my personal knowledge. I submit this Affidavit in support of CVS's Motion for a Protective Order to prevent the taking of my deposition in this matter.

2. Lisa Bisaccia, a Vice President of Human Resources at CVS, has reported to me since some time before May 2006. Ms. Bisaccia and I meet regularly to touch base on various matters regarding CVS Human Resources. During one of those meetings in May 2006, Ms. Bisaccia mentioned to me that Scott Jones, an employee in CVS's information technology department, had resigned. She also told me that she and Jon Roberts, our Chief Information Officer, were disappointed because Mr. Jones was well regarded on the leadership team and because a department reorganization project in which he was involved was at a critical point. Ms. Bisaccia did not ask me for any guidance or instructions regarding Mr. Jones' departure from CVS.

3. I had one conversation with Jon Roberts in which we discussed the fact that Mr. Jones had resigned. Mr. Roberts asked my thoughts as to whether CVS should require Mr. Jones to repay the relocation amount. I told him that I believed CVS should require Mr. Jones to do so.

I had no other communications with anyone else at CVS regarding Mr. Jones' departure from CVS, or the repayment of his relocation amount.

4. Immediately prior to signing this Affidavit I was informed that defendant still has not repaid the relocation amount that CVS expended for his relocation to Rhode Island when he became employed by CVS.

5. Prior to today, I had no knowledge with respect to the circumstances surrounding this litigation. The only knowledge that I have regarding Mr. Jones' departure from CVS is set forth in paragraphs 2 and 3, above. I have no knowledge regarding the details of the terms and application of CVS' relocation policy, apart from the fact that employees who receive relocation benefits are required to repay them if they do not remain employed for at least one (1) year. Indeed, I was not aware of this litigation prior to today.

6. I understand that employees of CVS with relevant knowledge have been identified to the defendant and are available for deposition.

/s/ Michael Ferdinandi
Michael Ferdinandi

June 14, 2007
Date

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Declaration of Michael Ferdinandi was served via regular mail, postage prepaid to Noelle K. Clapham, Esq., 24 Salt Pond Road, Suite A8, South Kingstown, RI 02879 and Vicki Bejma, Esq., Law Offices of Stephen M. Robinson, 155 South Main Street, Providence, RI 02903 this 14th day of June, 2007.

/s/ Marilyn Lovely