UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CVS PHARMACY, INC. | : | |
| | : | |
| Plaintiff | : | |
| | : | C.A. No. 06-348 ML |
| v. | : | |
| | : | |
| SCOTT JONES | : | |
| | : | |
| Defendant | : | |

**DEFENDANT'S OBJECTION TO MOTION FOR PROTECTIVE ORDER**

Now comes the Defendant, and objects to the Plaintiff's Motion for protective order in reference to the proposed depositions of 1) President and Chief Executive Officer Thomas Ryan; 2) Executive Vice President, Chief Financial Officer, and Chief Administrative Officer David Rickard; and 3) Senior Vice President of Human Resources and Corporate Communication, Michael Ferdinandi. In support of their Objection, Defendant relies upon his Memorandum, attached hereto and made a part hereof.

Respectfully submitted,
SCOTT JONES
By his Attorneys,

/s/ Noelle K. Clapham
Noelle K. Clapham (5338)
24 Salt Pond Road, Suite A-8
South Kingstown, RI 02879
(401) 783-3600
(401) 783-3670 (fax)
claphamlaw@verizon.net

/s/Vicki J. Bejma
Vicki J. Bejma #6498
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
June 18, 2007
vbejma@smrobinsonlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of June, 2007, a true and complete copy of the foregoing was electronically transmitted to counsel of record: Neal J. McNamara, Esquire and Matthew J. Frankel, Esquire, Nixon Peabody LLP, One Citizens Plaza, Suite 500, Providence, RI 02903.

/s/ Vicki J. Bejma

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CVS PHARMACY, INC. | : | |
| | : | |
| Plaintiff | : | |
| | : | C.A. No. 06-348 ML |
| v. | : | |
| | : | |
| SCOTT JONES | : | |
| | : | |
| Defendant | : | |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT'S OBJECTION TO MOTION FOR PROTECTIVE ORDER**

This matter comes before this Honorable Court on Plaintiff's Motion for Protective Order as to three potential deponents recently noticed by the Defendant, 1) President and Chief Executive Officer Thomas Ryan; 2) Executive Vice President, Chief Financial Officer, and Chief Administrative Officer David Rickard; and 3) Senior Vice President of Human Resources and Corporate Communication, Michael Ferdinandi. All are officials of the Plaintiff, CVS Pharmacy, Inc.

Plaintiff claims that a protective order should be issued as to these deponents because, in the Plaintiff's view, they lack personal knowledge as to the subject of this litigation. Plaintiff therefore draws the completely unwarranted conclusion that these depositions were noticed ". . . simply to annoy and otherwise unduly burden these high-level corporate officers," and questions why the Defendant cannot obtain the information that he seeks through other officials of CVS. This motion is completely unsupported, and therefore should not be granted.

In the first instance, Plaintiff provides no support as to Rickard and Ferdinandi's lack of knowledge. Although Plaintiff's Memorandum alleges that affidavits will be provided, at this

juncture it would be entirely premature for this Court at this juncture to foreclose the possibility for their depositions at this date.[1]

In any case, the "declaration" supposedly authorized by Ferdinandi seriously undermines the Plaintiff's assertion that Ferdinandi has no personal knowledge as to the facts of this case. As described in Plaintiff's Memorandum, the gravamen of this case is whether the Defendant owes the Plaintiff reimbursement of his relocation costs. Plaintiff alleges that the Defendant, pursuant to his employment agreement, became responsible for those costs when Defendant resigned without completing a year of employment. Defendant, for his part, claims that he did not resign, but was terminated without cause, and therefore does not owe these costs under his employment agreement. Paragraph 3 of Ferdinandi's so-called "declaration" indicates that Ferdinandi had at least some knowledge of the agreement regarding Defendant's relocation costs. That Paragraph specifically references a conversation with Defendant's immediate supervisor, Jon Roberts, wherein Ferdinandi specifically indicates that he ". . .believed that CVS should require Mr. Jones . . ." to pay the relocation amount. This statement implies that Ferdinandi had some previous knowledge as to the specifics of Defendant's contract, and/or CVS' employment policies. At bare minimum, Defendant should be permitted to question Ferdinandi as to precisely how he developed his belief that Defendant should be held liable.

Similarly, the deposition of Rickard and Ryan should go forward. Rickard was the immediate supervisor of Defendant's immediate supervisor, Roberts, and Ryan was in turn Rickard's immediate superior. Both would have ample knowledge regarding the employment policies for high-level executives – such as the Defendant. The testimony of both is also needed in order to verify the statements made by Roberts in his own deposition. The Plaintiff cannot be

---

[1] Plaintiff alleges that the reason for the failure to provide affidavits is that the two individuals involved are currently out of town. In this day and age of electronic communication, it is difficult to fathom why fully executed affidavits could not provided.

permitted to require Defendant to accept, without any opportunity for examination, that Rickard and Ryan do not have any pertinent information. After all, unless and until they are presented with the specifics regarding the Defendant's situation, how is to be determined that these potential deponents do or do not have any information?

Finally, Plaintiff's position in this matter is undermined by Rule 26 itself. Rule 26 does not require that a party seeking discovery establish, before the fact, that a potential deponent has the information that the party seeks. Instead, Rule 26 permits discovery where that discovery ". . . appears reasonably calculated to lead to the discovery of admissible evidence." The Defendant has more than established that here. Accordingly, Plaintiff's motion should be denied.

Respectfully submitted,
SCOTT JONES
By his Attorneys,

/s/ Noelle K. Clapham
Noelle K. Clapham (5338)
24 Salt Pond Road, Suite A-8
South Kingstown, RI 02879
(401) 783-3600
(401) 783-3670 (fax)
claphamlaw@verizon.net

/s/Vicki J. Bejma
Vicki J. Bejma #6498
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
June 18, 2007
vbejma@smrobinsonlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of June, 2007, a true and complete copy of the foregoing was electronically transmitted to counsel of record: Neal J. McNamara, Esquire and Matthew J. Frankel, Esquire, Nixon Peabody LLP, One Citizens Plaza, Suite 500, Providence, RI 02903.

/s/ Vicki J. Bejma