UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CVS PHARMACY, INC., Plaintiff, | : | |
| v. | : | C.A. No. 06-348 ML |
| SCOTT JONES, Defendant. | : | |

**BRIEF STATEMENT OF FACTS AND**
**VOIR DIRE QUESTIONS FOR JURY EMPANELMENT**

Plaintiff CVS Pharmacy, Inc. ("CVS") hereby submits a brief statement of facts and voir dire questions in connection with jury empanelment scheduled for November 1, 2007.

**Brief Statement of Facts**

Defendant Scott Jones ("Jones") began his employment with CVS in July 2005 as the Vice President of Service Delivery, part of CVS's Information Technology ("IT") department. Jones reported directly to the head of IT. Jones had been living with his family in Pennsylvanis, and so Jones and CVS entered into a contract whereby CVS would pay all expenses related to Jones' relocation to Rhode Island (the "Agreement"). In exchange, Jones promised, in writing, that should he resign or be terminated for cause within twelve (12) months of relocation, Jones would reimburse CVS for all the expenses associated with his relocation.

After approximately nine (9) months at CVS, on April 21, 2006, Jones met with his supervisor, Mr. Jon Roberts ("Roberts"), orally resigned his position and told Roberts that he had just accepted an offer for his "dream job" at Expedia, located in Seattle, Washington. Jones informed Roberts that he would have to leave CVS in two weeks, on May 5, 2006, so that he could attend certain meetings in Seattle shortly thereafter. Jones further told Roberts that he

expected to repay the relocation expenses incurred on his behalf by CVS. Roberts told Jones that he would inquire as to the amount of the relocation expenses. Roberts asked Jones to think about whether he could delay his departure because the department was in the midst of a major reorganization, and Jones' participation in that process had been and would continue to be crucial. Jones came back to Roberts several days later and said that he could not delay his departure from CVS.

Roberts informed Jones that he head learned that the relocation expenses totaled approximately $160,000.00. When he learned that, Jones asked Roberts if he could delay his resignation and stay beyond his one year anniversary. Roberts denied Jones' request and set his last date at CVS as May 2, while paying Jones through his notice date, May 5.

**Voir Dire Questions**

1. What town do you live in?
2. How long have you lived there? How long have you lived in Rhode Island?
3. Are you or a family member a customer of CVS or any company associated with CVS?
4. If so, have you or a family member ever made any complaints or been dissatisfied with your products or services from CVS or any company associated with CVS?
5. If so, how was that complaint handled by CVS and/or the company, agency, or individual to which you complained?
6. Do you have any feelings or beliefs about CVS or any company associated with CVS, that might prevent you from being impartial in deciding this case?
7. Have you, or any family or friends ever been a party to any legal action, proceeding or dispute with CVS or any company associated with CVS?

8. Have you ever been, or are you now, an employee of CVS?

9. If so, what position(s) did you hold and when did you hold it/them?

10. If a family member or friend has worked or does work for CVS, who is this person and what was/is their job?

11. What, if anything, has this person said to you about his/her job with CVS?

12. Will the fact that you know this person interfere with your ability to decide this case fairly and impartially?

13. If you, a family member, and/or a friend were once an employee of CVS, how did that employment relationship end?

14. Are you currently employed? If so, by whom?

15. How long have you worked there?

16. If you are not currently employed, who was your last employer, if any?

17. What is your current [or last] job position?

18. How long have you held that position?

19. Please briefly describe your current [or last] job's duties and responsibilities.

20. Are you married?

21. If so, where is your spouse employed? What is his/her position and duties?

22. Do you have children? Is so, please state their age(s), gender(s), and occupation(s) (if applicable).

23. Have you or any family members ever supervised other employees? If so, please explain.

24. Have you, or any family or friends ever had to lay off or terminate an employee? If so, please explain.

25. Have you or a family member ever resigned from a job?

26. Have you, or any family or friends ever been relocated to a job in which your employer paid relocation expenses?

27. If you have been relocated to a job, have you or any family or friends ever had interactions with a third-party relocation company?

28. Have you, or any family or friends ever lodged any complaint, formal or informal, regarding a third-party relocation company?

29. If so, how was that complaint handled by the company, agency, or individual to which you complained?

30. Have you, or any family or friends ever been a party to any legal action, proceeding or dispute with a third-party relocation company?

31. Do you personally know any of the potential witnesses in this case: [list witnesses]?

32. CVS is, obviously, a corporation. Do you have any negative feelings toward corporations in general?

33. Do you have any feelings or beliefs which would prevent your from rendering a verdict in favor of a corporation or its management?

34. Do you believe that this case matters any less to CVS, the corporate plaintiff, than it does to Mr. Jones, the individual defendant?

35. Do you believe that you would be inclined not to award CVS any money in this case simply because it has greater financial resources than does the defendant?

36. Will you be able to treat CVS, the corporate plaintiff, as fairly as you will treat the individual party, Mr. Jones, in this matter?

37. Have you, or any family or friends ever been a plaintiff, defendant, witness, or juror in a lawsuit?

38. If so, what was the nature of the case and the result?

39. Will that experience influence your decision in this case?

40. Have you ever been the defendant in a criminal trial? If so, please state the nature of the case and how it turned out.

41. Do you believe that just because a plaintiff brings a lawsuit that they are entitled to recover some money from the defendant?

42. Do you feel you may be inclined to sympathize with defendant because he claims he was terminated by a plaintiff who is a large corporation?

43. If so, do you believe that this would prevent you from making a decision based only on the evidence presented, and the law that the Judge will instruct you upon?

44. Have you ever been in the military? If so, what branch, rank and years of service?

45. Please describe your educational background.

46. Have you received any training in law or medicine? If so, briefly describe it.

47. Do any of you know any of the attorneys in court today or any members or employees of their law firms?

48. Do you have any relatives or friends who are lawyers, judges or have any other job in the legal profession? Please identify them and their relationship?

49. Do you have any uncorrected hearing or vision problem that would make it difficult for you to hear or see the evidence at trial?

50. Are you experiencing any other problems, physical or otherwise, that would make it difficult for you to give your full attention to the evidence at trial?

51. Do you have any difficulty understanding the English language?

52. Is there anything in your background you think we should know, but have not asked?

Respectfully submitted,

PLAINTIFF
CVS PHARMACY, INC.

By its attorneys,

NIXON PEABODY LLP

_/s/Neal J. McNamara______
Neal J. McNamara (#4249)
Jillian S. Folger-Hartwell (#6970)
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030
nmcnamara@nixonpeabody.com
jfolgerhartwell@nixonpeabody.com

Dated: October 25, 2007

CERTIFICATION

I hereby certify that a true and complete copy of the within statement of facts and voir dire questions was filed electronically and served electronically by operation of the Court's CM/ECF System and was mailed via regular mail, postage prepaid upon the individuals listed below on this 25th day of October, 2007.

Noelle K. Clapham, Esq.
24 Salt Pond Road, Suite A8,
South Kingstown, RI 02879

Vicki J. Bejma, Esq.
Law Offices of Stephen M. Robinson
155 South Main Street
Providence, RI 02903

_/s/ Neal J. McNamara___________